IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WHITESIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1081-SDJ-KPJ |
| | § | |
| ALLEGIANCE BANK, *et al.*, | § | |
| | § | |
| Garnishees. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Brian Whiteside's ("Whiteside") First Amended Application for Writs of Garnishment (the "Amended Application") (Dkt. 4) and Motion to Extend Deadline to Serve Writs of Garnishment (the "Motion for Extension") (Dkt. 7). For the reasons that follow, the Amended Application (Dkt. 4) and Motion for Extension (Dkt. 7) are hereby **GRANTED**.[1]

### I.   BACKGROUND

On September 28, 2022, the Court entered a final judgment (the "Judgment") in favor of Whiteside against Alvin Allen ("Allen") and Paul Barrett ("Barrett") (collectively, the "Judgment Debtors") in the amount of $518,000.00 and $156,250.00, respectively, plus pre- and post-judgment interest. *See* Final Judgment, *Whiteside v. Cimble Corp.*, No. 17-cv-404 (E.D. Tex. Sept. 28, 2022), Dkt. 301 at 1. On December 14, 2022, Whiteside initiated a separate civil action by filing the Application for Writs of Garnishment (the "Application") (Dkt. 1). *See* Dkt. 1. On

---

[1] "A magistrate judge unquestionably has the right to decide non[-]dispositive post[-]judgment matters involved in the judgment collection process, including a writ of garnishment." *E.g.*, *Pac. Premier Bank v. Sandhu*, No. 20-cv-273, 2022 WL 658715, at *1 n.1 (S.D. Tex. Mar. 4, 2022) (citing *FDIC v. LeGrant*, 43 F.3d 163, 167 (5th Cir. 1995)).

1

January 18, 2023, the District Judge ordered Whiteside to file an amended application "that alleges facts sufficient to invoke federal jurisdiction." Dkt. 3 at 4.[2]

On January 20, 2023, Whiteside filed the Amended Application (Dkt. 4), wherein he sufficiently alleges diversity jurisdiction. *See* Dkt. 4 at 2. Whiteside also asks the Clerk of Court to issue writs of garnishment directed to Allegiance Bank ("Allegiance"), Bank of America, N.A. ("Bank of America"), and The Charles Schwab Corporation ("Charles Schwab") (collectively, the "Garnishees"). *Id.* at 1. According to Whiteside, "Allegiance is indebted to Allen by reason of one or more checking accounts, instruments, and/or savings accounts," as well as other "non-exempt property belonging to Allen including funds held in trust." *Id.* at 3. Likewise, Whiteside contends that Bank of America and Charles Schwab are "indebted to Barrett by reason of one or more checking accounts, instruments, and/or savings accounts," as well as other "non-exempt property belonging to Barrett including funds held in trust." *Id.*

In support of the Amended Application (Dkt. 4), Whiteside attaches his affidavit (the "Affidavit") and three proposed writs of garnishment. *See* Dkts. 4-1; 4-3; 4-4; 4-5. In the Affidavit, Whiteside states that "[t]he Judgment is valid and subsisting, and a supersedeas bond has not been approved and filed to suspend execution of the Judgment." Dkt. 4-1 at 2. Whiteside further states that neither Allen nor Barrett have "property within Texas subject to execution sufficient to

---

[2] Generally, a garnishment action is "treated as part of the original action establishing primary liability, even if brought separately." 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3013 n.16 (3d ed. 2023). Thus, some circuits—relying on ancillary or supplemental jurisdiction—do not require "an independent basis of subject matter jurisdiction." *See, e.g.*, *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 313 (3d Cir. 2006) (quoting *Skevofilax v. Quigley*, 810 F.2d 378, 384 (3d Cir. 1987)). This is not the case in the Fifth Circuit. As the District Judge noted, "garnishment actions against third-parties are generally construed as independent suits" and, therefore, a plaintiff "must establish an independent source of subject-matter jurisdiction." Dkt. 3 at 1 (quoting *Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979)) (internal quotation marks omitted); *see Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986) ("Thus, since any jurisdiction that this court had in [the first case] is not available to this court in the instant actions, we must find an independent basis for federal jurisdiction over these garnishment actions or else dismiss the suggestions of garnishment.").

satisfy" their portion of the Judgment. *See id.* Finally, Whiteside states that this action "is not brought to injure any of the Judgment Debtors nor any of the Garnishees." *Id.*

On January 24, 2023, the District Judge referred this case to the undersigned for pretrial proceedings. *See* Dkt. 6. On March 10, 2023, Whiteside filed the Motion for Extension (Dkt. 7), wherein he asks the Court to extend his deadline to serve writs of garnishment on the Garnishees. *See* Dkt. 7 at 1. Whiteside reasons that writs of garnishment, like complaints, must be served within ninety days of the initiation of the lawsuit. *See* Dkt. 7 at 1–2; *see also* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). As Whiteside timely filed the Amended Application (Dkt. 4), but the Clerk of Court has not yet issued the writs of garnishment, Whiteside contends that he "does not have any document to serve on [the] Garnishees." *Id.* at 2. Thus, Whiteside concludes that there is "good cause" for the requested extension. *Id.*

## II.     LEGAL STANDARD

Rule 69 of the Federal Rules of Civil Procedure provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69(a)(1). "As actions supplemental to or in aid of execution, . . . garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Associates, LLC v. République du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) (citing FED. R. CIV. P. 69). Thus, writs of garnishment are ordinarily governed by state substantive and procedural law. 12 WRIGHT & MILLER, *supra* n.2, § 3012 & n.2; *see Licea v. Curacao Drydock*

3

*Co.*, 952 F.3d 207, 212 (5th Cir. 2015) (holding "writs of garnishment" are governed by "both [the] substantive and procedural" law "of the state where the federal court sits").

Under Texas law, "[a] writ of garnishment is available if . . . a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3); *see DAP Fin. Servs., Inc. v. BankOne Tex., N.A.*, No. 96-cv-2797, 1997 WL 148026, at *1 (N.D. Tex. Mar. 24, 1997) ("To obtain a writ of garnishment, a creditor need only swear that to his knowledge the debtor does not have sufficient property in Texas to satisfy the judgment."). A judgment "shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond shall have been approved and filed." TEX. R. CIV. P. 657. An application for a writ of garnishment may be filed as a separate action against the garnishee. *See* TEX. R. CIV. P. 659. Although service must be effectuated on the defendant, the plaintiff need not do so until "as soon as practicable after service of the writ on the garnishee." TEX. R. CIV. P. 663a.

### III.   ANALYSIS

**A.   Amended Application**

The Amended Application (Dkt. 4), supported by the Affidavit, meets the elements necessary to obtain writs of garnishment. In the Affidavit, Whiteside states: "The Judgment is valid and subsisting, and a supersedeas bond has not been approved and filed to suspend execution of the Judgment." Dkt. 4-1 at 2. Indeed, the Court recently declined to stay enforcement of the Judgment and refused to waive the supersedeas bond requirement. *See* Order, *Whiteside v. Cimble Corp.*, No. 17-cv-404 (E.D. Tex. Dec. 7, 2023), Dkt. 353 at 9 ("[T]he supersedeas bond requirement should not be waived and a stay should not be entered under Rule 62(b)."). Thus,

Whiteside has a "valid, subsisting judgment." *See* Civ. Prac. & Rem. § 63.001(3); Tex. R. Civ. P. 657. Furthermore, in the Affidavit, Whiteside states that neither Allen nor Barrett have "property within Texas subject to execution sufficient to satisfy" their portion of the Judgment. *See id.* This statement alone entitles Whiteside to the requested writs of garnishment. *See DAP Fin. Servs.*, 1997 WL 148026, at *1; *Pac. Premier Bank*, 2022 WL 658715, at *2; *OWN Cap., LLC, v. Int'l Bancshares Corp.*, No. 13-cv-184, 2014 WL 12672271, at *1–*2 (S.D. Tex. Feb. 6, 2014); *see also Gallagher v. Arnold Moving Co. Inc.*, No. 17-cv-70, 2017 WL 11219315, at *1 (W.D. Tex. Sept. 28, 2017). Therefore, the Amended Application (Dkt. 4) is **GRANTED**.

**C.  Motion for Extension**

In the Motion for Extension (Dkt. 7), Whiteside contends that writs of garnishment must be served within the ninety-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Dkt. 7 at 1–2. Based on this contention, Whiteside moves for an extension of the deadline to serve the Garnishees and the Judgment Debtors. *See id.* at 1. Whiteside argues that there is good cause for the requested extension because—at no fault of his own—the Clerk of Court has not issued the writs of garnishment appended to his Amended Application (Dkt. 4). *See id.* at 2. The Court agrees with Whiteside.

Although Rule 69 of the Federal Rules of Civil Procedure requires application of state substantive and procedural law, it "was not intended to put the federal judge into a straightjacket, whether of state or federal origin." 12 Wright & Miller, *supra* n.2, § 3012 n.33. Thus, Rule 69 does not "require application of 'every jot and title' of state law." *Id.* (quoting *Resol. Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993)); *see British Int'l Ins. Co. v. Seguros la Republica, S.A.*, 200 F.R.D. 586, 594 (W.D. Tex. 2000) ("Although Rule 69 requires the application of state law governing enforcement of a judgment, Rule 69 does not require the use of 'general state

5

procedural law'" (emphasis omitted)). Nor does Rule 69 require the application of state law where it conflicts with federal law, including the Federal Rules of Civil Procedure. 12 WRIGHT & MILLER, *supra* n.2, § 3012 n.2 (citing *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 19 (2d Cir. 1995)); *see* FED. R. CIV. P. 69 (providing "a federal statute governs to the extent it applies"); *United States ex. rel. Tanos v. St. Paul Mercury Ins. Co.*, 361 F.2d 838, 839 (5th Cir. 1966) ("Moreover, the Federal Rules of Civil Procedure have statutory effect and Rule 64 . . . provides that 'any existing statute of the United States governs to the extent to which it is applicable.'" (footnote omitted)).

Rule 4(m) provides that service of process must be effectuated within ninety days after the initiation of a civil action. *See* FED. R. CIV. P. 4(m). As Rule 4(m) is plainly applicable here, the Court concludes that it governs to the exclusion of any other state procedural rule. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-cv-2609, 2017 WL 9482093, at *6 n.5 (E.D.N.Y. June 12, 2017) (applying Rule 4(m) in an enforcement action brought under state law pursuant to Rule 69). Convinced of the applicability of Rule 4(m), the Court turns to whether the requested extension should be granted.

If service of process is not made within ninety days after the initiation of a civil action, Rule 4(m) requires that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Generally, good cause exists "when the plaintiff's failure to complete service in [a] timely fashion is a result of the conduct of a third person." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2023). "What amounts to 'good cause' under any particular set

of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

In the present case, the Court finds good cause for the requested extension. Whiteside asked the Clerk of Court to issue the writs of execution twice—once in his Application (Dkt. 1) and once in his Amended Application (Dkt. 4). *See* Dkts. 1; 4. In addition, prior to the expiration of the deadline to effectuate service under Rule 4(m), Whiteside filed the Motion for Extension (Dkt. 7), wherein he explained that, without the issuance of the writs of execution, "[he] does not have any document to serve on [the] Garnishees." Dkt. 7 at 2. These facts demonstrate that Whiteside diligently attempted to effectuate service but has not been able to do so. Furthermore, Whiteside's failure was due to the conduct of third parties acting beyond his control. Thus, good cause exists for the requested extension. *Cf. Lindsey*, 101 F.3d at 446 (finding good cause where the clerk of court failed to provide a proper summons to the plaintiff, which was compounded by the court's failure to direct the marshal to serve process on the defendant). Therefore, the Motion for Extension (Dkt. 7) is **GRANTED**.

## IV.   CONCLUSION

**IT IS ORDERED** that the Amended Application (Dkt. 4) is hereby **GRANTED**. The Clerk of Court shall issue the proposed writs of garnishment attached to the Amended Application (Dkt 4). *See* Dkts. 4-3; 4-4; 4-5.

**IT IS FURTHER ORDERED** that Whiteside shall serve the writs of garnishment on the Garnishees and the Judgment Debtors in conformity with Texas law.

**IT IS FURTHER ORDERED** that the Motion for Extension (Dkt. 7) is **GRANTED**. Whiteside shall have thirty (30) days from receipt of this Order to serve the writs of garnishment on the Garnishees and the Judgment Debtors.

**So ORDERED and SIGNED this 19th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE